UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTA WATTERSON,<br><br>    Plaintiff,<br><br>    v.<br><br>GARFIELD BEACH CVS LLC,<br><br>    Defendant. | Case No. 14-cv-01721-HSG   (DMR)<br><br>**ORDER RE: JOINT DISCOVERY LETTER**<br><br>Re: Dkt. No. 32 |

Before the court is a joint discovery letter filed by Plaintiff Roberta Watterson and Defendant Garfield Beach CVS, LLC. [Docket No. 32.] Defendant asserts that Plaintiff's Amended Responses to Defendant's Requests for Admission ("RFA") Nos. 20-21 are insufficient, and requests that the court deem them to be admitted. Defendant also claims that Plaintiff made an untimely objection, and seeks an order striking Plaintiff's "legal conclusion" objection from her responses to Defendant's Interrogatory Nos. 23-24. Plaintiff contends that her responses and objections were timely and appropriate. The court finds that this matter is appropriate for resolution without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons stated below, the court finds that Plaintiff's responses are inadequate.

## I.  BACKGROUND

### A.  Factual Allegations

Plaintiff is an employee of Defendant. Compl. [Docket No. 1-3 at 3] at 9; Docket No. 24 at 1. Plaintiff filed this putative class action in Alameda County Superior Court on March 13, 2014, alleging claims for (1) violation of California Labor Code §§ 223, 510, 1194, 1997, and 1198, for failure to pay hourly and overtime wages; (2) violation of California Labor Code § 2802(a), for failure to indemnify for all necessary expenditures incurred in direct consequence of

discharge of duties; (3) violation of California Labor Code § 221 et seq., for implementing illegal wage deductions; (4) violation of California Labor Code § 226, for failure to provide accurate written wage statements; and (5) violation of the Business and Professional Code §§ 17200 et seq., for promoting unfair business practices.

Plaintiff contends that in connection with their employment with Defendant, Plaintiff and similarly situated individuals were required to attend "Wellness Exams," and were penalized if they failed to do so. Compl. at ¶ 2. Plaintiff also claims that Defendant failed to indemnify employees for necessary business expenses related to the Wellness Exams. *Id.* at ¶¶ 14-15. Furthermore, Plaintiff claims that Defendant failed to pay for all hours worked including, but not limited to, time related to attending the Wellness Exams, as well as time devoted to filling out a mandatory health survey. *Id.* at ¶ 16.

### B. Discovery Requests and Responses at Issue

The current dispute involves Defendant's RFA Nos. 20-21 and Interrogatory Nos. 23-24. Defendant first served these discovery requests on November 4, 2014. Letter Ex. 1 at 5; Ex. 4 at 6. Plaintiff provided timely responses to both the RFAs and Interrogatories on December 22, 2014, and then provided amended responses on February 12, 2015. Letter Ex. 2 at 23; Ex. 3 at 23; Ex. 5 at 24-26; Ex. 6 at 26-28.

RFA Nos. 20-21 are as follows:

> **RFA No. 20:** Admit that the WellRewards program described in Exhibit A is a "wellness program" as defined in 26 C.F.R. § 54.9802-1(f)(1).[1]
>
> **RFA No. 21:** Admit that the WellRewards program described in Exhibit B is a "wellness program" as defined in 26 C.F.R. § 54.9802-1(f)(1).

Plaintiff's responses to RFA Nos. 20 and 21 were identical, and were repeated in her

---

[1] The cited regulation generally prohibits group health plans from discriminating against individuals on the basis of any health factor when establishing rules for eligibility for benefits. *See generally* 26 C.F.R. § 54.9802-1. Section 54.9802-1(f)(1) defines certain "wellness programs" that are exceptions to the regulation's general prohibition against discrimination based on a health factor.

amended responses. The amended responses to both RFA Nos. 20 and 21 are as follows:

> **Plaintiff's Amended Response to RFA Nos. 20 and 21:**
> Responding Party incorporates the General Objections[2] set forth above. Plaintiff objects to this request because it is vague, ambiguous, and seeks a legal conclusion. Plaintiff further objects to this discovery request, both individually and as a whole, on the ground that it is overly broad, burdensome and oppressive. Plaintiff further objects to this discovery request on the grounds that it violates Plaintiff's privacy rights. Plaintiff objects to this discovery request on the ground that no distinction is made between privileged and non-privileged information, documents, and/or trial preparation materials and, therefore, these requests call for information and material which is beyond the scope of permissible discovery and which is protected from disclosure by the attorney-client privilege and the attorney work product privilege doctrine. In setting forth its responses, Plaintiff does not waive the attorney-client privilege, work product doctrine, or other privilege or immunity from disclosure that may attach to information called for in, or responsive to, this discovery request. Moreover, in answering all or any portion of any discovery request, Plaintiff neither admits the existence of any facts set forth or assumed by the request, nor concedes, the relevance or materially [sic] of the request, and/or the relevance or materially [sic] of the request or the subject matter to which the request refers.

Special Interrogatory Nos. 23 and 24 are as follows:

> **Special Interrogatory No. 23:** If YOUR response to REQUEST FOR ADMISSION NO. 20 is anything other than an unqualified admission, state all the facts upon which YOU base YOUR response.
>
> **Special Interrogatory No. 24:** If YOUR response to REQUEST FOR ADMISSION NO. 21 is anything other than an unqualified admission, state all the facts upon which YOU base YOUR response.

As with Plaintiff's RFA responses, Plaintiff's initial responses to Special Interrogatory Nos. 23 and 24 are identical to each other:

> **Plaintiff's Initial Response to Special Interrogatory Nos. 23 and**

---

[2] At the beginning of each of its responses to Defendant's discovery requests, Plaintiff states a list of general objections, including that the discovery sought is not relevant; is overly broad; is unclear; is burdensome; is oppressive; seeks privileged material or information disclosure of which would violate privacy rights of non-parties; seeks materials that are in the public domain or more easily obtainable from other sources; and is duplicative of other discovery. *See* Ex. 2 at 4-5; Ex. 3 at 3-4; Ex. 5 at 4-5; Ex. 6 at 3-4.

> **24:**  Responding Party incorporates the General Objections as set forth above.  Specifically, Plaintiff objects to this discovery request, both individually and as a whole, on the ground that it is overly broad, burdensome and oppressive.  Plaintiff further objects to this discovery request on the ground that this interrogatory is premature and may call for speculation to the extent that the discovery process is still ongoing.  Plaintiff further objects to this discovery request, both individually and as a whole, on the ground that it is vague, ambiguous, overly broad, burdensome and oppressive as to the term "treatment."  Plaintiff objects to this discovery request on the ground that no distinction is made between privileged and non-privileged information, documents, and/or trial preparation materials and, therefore, these requests call for information and material which is beyond the scope of permissible discovery and which is protected from disclosure by the attorney-client privilege and the attorney work product privilege doctrine.  In setting forth its responses, Plaintiff does not waive the attorney-client privilege, work product doctrine, or other privilege or immunity from disclosure that may attach to information called for in, or responsive to, this discovery request.  Moreover, in answering all or any portion of any discovery request, Plaintiff neither admits the existence of any facts set forth or assumed by the request, nor concedes, the relevance or materially [sic] of the request, and/or the relevance or materially [sic] of the request or the subject matter to which the request refers.

Plaintiff's amended responses to these interrogatories are virtually identical to her initial response, except that the following sentence has been added to each response:

> Without waiving any of the above, Plaintiff responds as follows: Plaintiff objects to this request for production [sic] on the grounds that it is vague, ambiguous, and seeks a legal conclusion.

Letter Ex. 6 at 27-28.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 36 authorizes a party to serve "a written request to admit . . . the truth of any matters within the scope of Rule 26(b)(1) relating to . . . facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a)(1)(A).  RFAs "are sought, first, to facilitate proof with respect to issues that cannot be determined from the case, and second, to narrow the issues by eliminating those that can be." *Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007).  The goal of RFAs is to "eliminate from the trial matters as to which there is no genuine dispute." *People of the State of California v. The Jules Fribourg*, 19 F.R.D. 432, 436 (N.D. Cal. 1955).  For this reason, "requests for admissions are not principally discovery devices." *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998).

4

"If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4).  "A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." *Id.*  "The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." *Id.*  "The grounds for objecting to a request must be stated.  A party must not object solely on the ground that the request presents a genuine issue for trial." Fed. R. Civ. P. 36(a)(5).

"The requesting party may move to determine the sufficiency of an answer or objection.  Unless the court finds an objection justified, it must order that an answer be served.  On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served." Fed. R. Civ. P. 36(a)(6).  "The court may defer its final decision until a pretrial conference or a specified time before trial." *Id.*

### III.   DISCUSSION

Plaintiff's discovery responses raise a host of boilerplate objections to each of the disputed requests.  However, Plaintiff appears to have abandoned her other objections for purposes of this dispute, as her argument focuses solely on her objection that the requests call for a legal conclusion.  According to Plaintiff, RFA Nos. 20-21 and Interrogatory Nos. 23-24 improperly seek "Plaintiff's legal interpretation of a federal statute." Letter at 3.

Generally, "[r]equests for admissions cannot be used to compel an admission of a conclusion of law." *Playboy Enterprises, Inc. v. Welles*, 60 F. Supp. 2d 1050, 1057 (S.D. Cal. 1999) (citing *Reliance Ins. Co. v. Marathon LeTourneau Co.*, 152 F.R.D. 524, 525 (S.D.W.Va.1994)).  However, Rule 36 explicitly permits RFAs that require the application of law to fact. Fed. R. Civ. P. 36(a)(1) (Rule 36 authorizes a party to serve "a written request to admit . . . the truth of any matters within the scope of Rule 26(b)(1) relating to . . . (A) facts, the application of law to fact, or opinions about either.").  In fact, the text of Rule 36 was revised in 1970 to make this clear:

5

> As revised, the subdivision provides that a request may be made to admit any matter within the scope of Rule 26(b) that relate to statements or opinions of fact or of the application of law to fact. It thereby eliminates the requirement that the matters be "of fact." This change resolves conflicts in the court decisions as to whether a request to admit matters of "opinion" and matters involving "mixed law and fact" is proper under the rule.

Fed. R. Civ. P. 36(a), Advisory Committee Notes to 1970 Amendment.

Plaintiff analogizes the present circumstances to those in *Disability Rights Council v. Wash. Metro. Area*, 234 F.R.D. 1 (D.D.C. 2006), in which the court found that several of the defendant's RFAs were improper because they called for legal conclusions. But the RFAs that the *Disability Rights* court found improper were those that sought "pure legal opinion[s] as to what is required under the relevant statutes and regulations." *Id.* at 3. Specifically, the RFAs in *Disability Rights* asked the plaintiff to (1) "[a]dmit that in Maryland, D.C. and Virginia, any otherwise qualified voter who is a qualified person with a disability is entitled to vote by absentee ballot"; and (2) admit that certain regulations and statutes required certain public transit pickups to be done outdoors. *Id.* The court found that "[t]here is nothing in this request that applies law to fact, let alone to the facts of this case. Moreover, plaintiffs have no special knowledge that would enable them to answer the request with any more certainty than [the defendant] or the court through judicial notice." *Id.*

The distinction between the application of law to fact and a legal conclusion is "not always easy to draw," *Apple, Inc. v. Samsung Elec. Co., Ltd.*, No. 11–cv–01846 LHK (PSG), 2012 WL 952254, at *3 (N.D.Cal. March 20, 2012), but the present circumstances are fairly uncomplicated. Here, RFA Nos. 20 and 21 do not seek a pure legal conclusion along the lines of the improper RFAs in *Disability Rights*. Instead, they ask Plaintiff to admit or deny a certain application of the law to the facts, i.e., whether the WellRewards program described in the informational pamphlets attached as Exhibits A and B to Defendant's first set of RFAs are "wellness programs" as that term is defined in 26 C.F.R. § 54.9802-1(f)(1). As such, Plaintiff's objections to RFA Nos. 20 and 21 on the basis that they call for a legal conclusion are improper. *Accord ProBuilders Specialty Ins. Co. v. Valley Corp.*, No. C10-05533 EJD HRL, 2013 WL 1998921, at *1 (N.D. Cal. May 13, 2013) (RFAs asking defendant "to admit that 21 different entities were independent contractors

retained by [defendant] to work on the Levine Project" were appropriate as applications of law to fact); *C & C Jewelry Mfg., Inc. v. W.*, No. C09-01303 JF HRL, 2011 WL 768642, at *2 (N.D. Cal. Feb. 28, 2011) (RFA asking party bringing patent infringement claim to admit that certain design and manufacturing processes were "known or used by others," "in public use or on sale," or "described in printed publication" as those terms are used in the patent statute sought an admission about underlying facts or mixed questions of law and fact, and was therefore proper); *Adobe Sys. Inc. v. Christenson*, No. 2:10-CV-00422-LRH, 2011 WL 540278, at *7 (D. Nev. Feb. 7, 2011) (RFAs requiring defendants "to admit that their advertisement, offer for sale, sale or distribution of the DISPUTED PRODUCT infringed Plaintiff's exclusive rights in the COPYRIGHTS" properly asked for application of law to facts).

Plaintiff has neither admitted nor denied RFA Nos. 20-21.  Nor has Plaintiff "state[d] in detail why [she] cannot truthfully admit or deny" the RFAs, or that she has made a reasonable inquiry and has determined that she has insufficient information.  Fed. R. Civ. P. 36(a)(4). Plaintiff has thus failed to meet her obligations under Rule 36.  Accordingly, by **May 21, 2015,** Plaintiff shall serve responses to RFA Nos. 20-21.

With respect to Interrogatory Nos. 23 and 24, Defendant argues that Plaintiff failed to timely raise her "legal conclusion" objection, because she added it when she served her amended responses in February 2015.  *See* Fed. R. Civ. P. 33(b) (objections to interrogatories must be served within 30 days of service of the interrogatories).  Plaintiff contends that she timely objected to RFA Nos. 20 and 21 on the basis that they call for a legal conclusion, and since Interrogatory Nos. 23 and 24 depend on those RFAs, the timely objections in the RFAs should be deemed incorporated into the objections to the corresponding interrogatory responses.

The court need not resolve the matter of whether Plaintiff's "legal conclusion" objections to Special Interrogatory Nos. 23 and 24 were timely served.  Even if the objections were timely, they are inconsequential here.  The interrogatories seek all facts that support anything other than an unqualified admission to RFA Nos. 23 and 24.  The court has now ordered Plaintiff to respond

//

//

to those RFAs.  The follow-on interrogatories properly call for supporting facts.  Accordingly, by **May 21, 2015,** Plaintiff shall serve amended responses to Interrogatory Nos. 23 and 24.

**IT IS SO ORDERED.**

Dated: May 7, 2015

_____
Donna M. Ryu
United States Magistrate Judge